# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RECEIVED

APR 1 1 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

COMPLAINT

Jury Trial: No

TONY PING YEW, EXECUTOR OF ESTATE OF JOHN Y WEI,
PLAINTIFF,

-against-

ATTORNEY GENERAL STATE OF NEW JERSEY;
HON. MARY SIOBHAN BRENNAN, J.T.C.,
DEFENDANTS.


## I. Parties in this complaint:

Plaintiff
TONY PING YEW, EXECUTOR OF ESTATE OF JOHN Y WEI,
36 FRANKO AVE, PISCATAWAY NEW JERSEY 08854
Tel 732-752-2024  Email: pingtony@gmail.com

Defendant No 1.
ATTORNEY GENERAL STATE OF NEW JERSEY
Richard J. Hughes Justice Complex, 25 Market St, Trenton, NJ 08611;

Defendant No 2.
HON. MARY SIOBHAN BRENNAN, J.T.C.
TAX COURT OF NEW JERSEY
495 Martin Luther King Blvd., Fourth Floor Newark, New Jersey 07102

1

## II.Basis for Jurisdiction:

A.    Federal Questions

B.    Violation Of Plaintiff Rights Under The Fourteenth Amendment and Federal Rule of Civil Procedure 56a.

## III. Statement of Claim:

This is a Tax Court Inheritance Tax Complaint brought by Unrepresented Executor Tony Ping Yew, Executor Of Estate of John Y Wei against the NJ Division Of Taxation on 05/17/2019 in the State of New Jersey.

This claim is against the Tax Court judge Brennan. The Attorney General State Of New Jersey is named as co defendant under the respondeat superior doctrine.

The claim in the Tax Court was for the refund of the inheritance tax already paid to defendant NJ Division Of Taxation. Judge Brennan granted summary judgment to defendant on 06/19/2020 to dismiss complaint and refused to permit Plaintiff to continue litigation as Unrepresented Executor on 07/09/2020. Plaintiff filed multiple appeals to the state Appellate and Supreme courts but were denied.

2

## IV. Injuries:

The injury is Defendants demand for Plaintiff to be represented make it unfeasible for Plaintiff to recover the $34,425 inheritance tax already paid to the NJ Division Of Taxation.

## V. Reliefs:

The relief sought are vacate judge Brennan grant of summary judgment; vacate Denied Motion To Recuse judge Brennan, and permit Plaintiff to continue his suit as Unrepresented Executor of Estate of John Y Wei in the State court so as to facilitate Plaintiff right to recover the $34,425 sought in the state court.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10th day of April, 2023.

/s/ Tony Ping Yew

TONY PING YEW, EXECUTOR OF ESTATE OF JOHN Y WEI,
36 FRANKO AVE, PISCATAWAY NEW JERSEY 08854
Tel 732-752-2024  Email: pingtony@gmail.com

## **INTRODUCTION**

The lengthy introduction is necessary for an overview of the case. This appear to be a first impression case. This is a Tax Court Inheritance Tax Complaint brought by Unrepresented Executor Tony Ping Yew, Executor Of Estate of John Y Wei. **Exhibit A.** This action is filed against the Tax Court judge Brennan. Plaintiff is the Unrepresented Executor Of Estate of John Y Wei. The dispute Plaintiff have with defendant NJ Division Of Taxation in the State action is Plaintiff believe beneficiary Anthony Hui Yew should be classified as Class A tax exempt while the State classify beneficiary as Class C at 15%. The Mutually Acknowledged Child State statute N.J.S.A. 54:34-2.1 parental relationship between a child and a decedent is the source of this differing interpretation.

There is no Pro Se litigant in this complaint. Pro Se refer to an individual person whereas Executor is a representative entity. Though plaintiff was styled as Tony Ping Yew in the caption, it was clarified as Plaintiff Tony Ping Yew, Executor Of Estate of John Y Wei. So, Plaintiff and attorney are both actually same Unrepresented Executor entity. Throughout the litigation, Plaintiff was identified as Tony Ping Yew,

Executor Of Estate Of John Y Wei, not Tony Ping Yew, Pro Se. This

clarification is necessary as judge Brennan cite intestate Kasharian as

basis to demand representation. **(Exhibits D;F).**

> "Plaintiff's action was brought for the alleged wrongful
> death of his son, as administrator ad prosequendum,
> pursuant to N.J.S. 2A:31-2. Such an action is brought for the
> exclusive benefit of the persons entitled to take intestate
> property of the decedent. N.J.S. 2A:31-4. " Kasharian v.
> Wilentz, 93 N.J. Super. 479, 481 (App. Div. 1967)

As argued below, Plaintiff is a real party in interest while

Kasharian, a court appointed nominal representative is not. Plaintiff

do not need to be represented because he is a real party in interest

despite the fact an executor is a nominal representative.

Because this is a Complaint against a judge ruling, Plaintiff file a

brief with table of contents, table of authorities and exhibits list. At

issue is Plaintiff allegation the State courts violated Plaintiff rights

under the Fourteenth Amendment to the United States Constitution

and misapplied the Federal Rule Of Civil Procedure 56a summary

judgment rule.

Judge Brennan refused to vacate her summary judgment order

even though procedurally fatal due to inadvertence for letting Plaintiff

litigated unrepresented for about a year. After Plaintiff filed a Motion

For Reconsideration, judge Brennan cite unpublished case law in an attempt to stymie Plaintiff from litigating further with onerous financial burden.  Plaintiff allege judge Brennan requirement for Plaintiff to be represented <u>midway through the litigation</u> is intentional to make his complaint too expensive to litigate in order to force him to abandon his claim for refund of the prepaid inheritance tax in the sum of $34,425.

Judge Brennan cite the impertinent <u>Kasharian</u> intestate case law that refer to individuals, not executors.

> The only <u>relevant exception</u> stated by the court in <u>Kasharian</u> occurs when <u>an executor holds an interest</u> in the subject property, either <u>directly</u> or as a guardian to a party. 93 N.J. Super at 482. Here, Tony Ping Yew is merely an executor of the estate; his 25-year-old son is the sole beneficiary. Mr. Yew holds no direct interest or interest as a guardian and as such is not excepted from the attorney requirement. (**Exhibit F Pg 2  ¶**2).

This is however contradicted by Plaintiff in his individual person capacity, having paid the inheritance tax on behalf of beneficiary Anthony Hui Yew.  So, Plaintiff is not merely an Executor.  Plaintiff paid out from his joint banking account with Decedent John Y Wei means <u>Executor Plaintiff, also, as in individual person, have a direct</u>

6

interest in this matter. It does not matter a special executor bank account was not opened. **Exhibit J.**

Plaintiff have exhausted his appeal in the State courts. It is now necessary to file this Complaint at the Federal level. (**Exhibits G;H;I;L;M).**

## PROCEDURAL BACKGROUND OF THE CASE

John Y Wei ("Decedent") died on January 6, 2017. Plaintiff filed an Inheritance Tax Complaint in the New Jersey State Tax Court on 05/17/2019. **Exhibit A**. The State of New Jersey filed a motion for summary judgment on 05/19/2020. Plaintiff filed opposition papers on 06/05/2020. Plaintiff filed a cross motion on 06/09/2020. On 06/19/2020 judge Brennan denied Plaintiff cross-motion and granted Defendant summary judgment motion and dismissed Plaintiff complaint with prejudice. **Exhibit B**. On 07/08/2020, Plaintiff sought reconsideration. **Exhibit C**. On 07/09/2020 judge Brennan notified Plaintiff with Inadvertence letter. **Exhibit D**. The Tax Court citing Rule 1:21-1, declined to entertain the motion because the Estate was not represented by an attorney or a beneficiary. (citing Kasharian v. Wilentz, 93 N.J. Super 479, 482-83 (App. Div. 1967); Santander Bank,

N.A. v. Dzincielewski, No. A-2178-17T3, 2019.  On 07/20/2020 Plaintiff

reminded judge Brennan of Plaintiff Executor status and beneficiary

Anthony Certificate Of Authority granting Plaintiff right to litigate on

his behalf.  **Exhibit E.**  On 09/09/2020 judge Brennan amplified her

ruling to the appellate division.  **Exhibit F**.  On 10/09/2020 the

Appellate Court denied Plaintiff  motion for leave to appeal.  **Exhibit**

**G.**  On 11/12/2020 the Appellate Court denied a different motion for

leave to appeal.  **Exhibit H**.   On 11/03/2021 the State Supreme Court

denied Plaintiff motion.  **Exhibit I.**   On 01/27/2022, Plaintiff reminded

judge Brennan he have direct interest in his complaint with the

Inheritance Tax Prepaid from the Joint Account Tony Ping Yew have

with Decedent John Y Wei.  **Exhibit J**.  On 02/07/2022 judge Brennan

refused to consider Plaintiff Recusal Motion.  **Exhibit K.**   On

03/04/2022 the Appellate Court denied Plaintiff Motion To Recuse judge

Brennan.  **Exhibit L.**  On 09/13/2022  the State Supreme Court denied

Plaintiff motion for leave to appeal.  **Exhibit M.**  Plaintiff have

exhausted his appeal in the State courts and now seek relief from the

Federal Court.

## LEGAL ARGUMENT

## LEGAL STANDARD

<u>Fourteenth Amendment of the US Constitution</u> -- Rights
Guaranteed: Privileges and Immunities of Citizenship, Due
Process, and Equal Protection
Section 1. <u>Rights Guaranteed</u>
All persons born or naturalized in the United States, and
subject to the jurisdiction thereof, are citizens of the United
States and the State wherein they reside. No State shall
make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States; nor shall any
State deprive any **person** of life, liberty, **or property,
without due process of law; nor deny to any person
within its jurisdiction the equal protection of the
laws.**

<u>https://law.justia.com/constitution/us/amendment-14</u>

## <u>POINT I VIOLATIONS OF PROCEDURAL DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS AND FEDERAL RULE OF CIVIL PROCEDURE 56A; 60(B) REQUIRE JUDGE BRENNAN GRANT OF SUMMARY JUDGMENT TO BE VACATED.</u>

Federal Rule of Civil Procedure 56 governs motions for
summary judgment. Summary judgment is appropriate if
the movant shows that there is no genuine dispute as to any
material fact and that the movant is entitled to judgment as
a matter of law. Archdiocese of Milwaukee v. Doe, 743 F.3d
1101, 1105 (7th Cir. 2014), citing FED. R. CIV. P. 56(a).
Accord Anderson v. Donahoe, 699 F.3d 989, 994 (7th Cir.
2012). <u>A genuine issue of material fact remains "if the
evidence is such that a reasonable jury could return a verdict
for the nonmoving party."</u> Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). Accord Bunn v. Khoury Enter., Inc., 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, <u>a district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party</u>. Anderson, 699 F.3d at 994; Delapaz v. Richardson, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by <u>Rule 56(a)</u>, "<u>we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor</u>." Spaine v. Community Contacts, Inc., 756 F.3d 542 (7th Cir. 2014).

<u>Harvey v. Easton</u>, 20-cv-954-NJR, at *5-6 (S.D. Ill. Feb. 21, 2023)

**Grounds Listed Under Rule 60(b)**
<u>Fed. R. Civ. P.</u> 60(b) lists five specific reasons and one "catch-all" reason authorizing a district court to grant a party relief from a final judgment, including:
1. Mistake, **inadvertence**, surprise, or excusable neglect;
2. Newly discovered evidence that could not have been discovered in time to move for a new trial;
3. Fraud, misrepresentation, or misconduct by an opposing party;
4. The judgment is void;
5. The judgment has been satisfied, released, discharged, reversed, or vacated; and
**6. Any other reason that justifies relief.**

(a)    This case was dismissed under the state summary judgment rules which is derived from the Federal rules.  Judge Brennan did not explain why her inadvertence ruling while Plaintiff was unrepresented can justify keeping her Grant of Summary Judgment intact.  (**Exhibits**

**B;D)**. This inadvertence violate <u>Fed. R. Civ. P.</u> 60(b)(1);(6). <u>Prejudice,</u>

<u>unfairness is present for keeping the summary judgment order intact.</u>

<u>It also goes to the heart of the lack of Equal Protection Of The Laws</u>

<u>accorded to Plaintiff</u>. Judge Brennan have a duty to vacate her

summary judgment order in order to balance out her later ruling

requiring Plaintiff to be represented.   This is necessary to restore

Plaintiff complaint to the neutral state in order to comply with the

Equal Protection Of  The Laws.  This will reset the scale of justice to the

balanced state so to speak.  Anything less is Unequal Protection Of The

Laws.  Plaintiff is Due the Judicial Procedural Process Of Law from

judge Brennan.  Judge Brennan <u>have a judicial obligation</u> to explain

why such a fatal inadvertence judicial error did not warrant sua sponte

vacating of her grant of summary judgment. <u>Plaintiff have a right</u> to

the Procedural Due Process Of Law from judge Brennan to make a

judicial ruling.  Just acknowledging 'inadvertence' do not go far enough

when fundamental fairness was not accorded to Plaintiff.  <u>An extra</u>

<u>action is required</u> from judge Brennan beyond just an acknowledgement

of inadvertence to ensure fairness is accorded to Plaintiff.   Judge

Brennan ruling lack consistency which is a pillar of the 6 principles of

procedural justice.  The six justice Leventhal's Rules include: consistency, bias suppression, accuracy, correctability, representativeness, and ethicality.   The lack of consistency in the matter of representation before issuing summary judgment order and after show judge Brennan lack even handedness.  So, judge Brennan violated the Equal Protection Of The Laws.

Judge Brennan inadvertence for permitting Plaintiff to litigate unrepresented  caused an unsophisticated Plaintiff without an attorney representing him go up against a well experienced team of State attorneys.  There was unequal representation.  This unequal representation accord Plaintiff less protection of the laws v the sophisticated team of State attorneys.  It was an uneven match due to judge Brennan harmful error.   Had judge Brennan not make her inadvertence mistake, Plaintiff could very well be represented, even though it cost him some money, but with representation come equal protection of the laws.  Judge Brennan grant of summary judgment was based on an unequal protection of the laws.  The corollary is Plaintiff lack of attorney representation akin to an ineffective attorney representation that result in unequal protection of the laws.  This is

regardless of the fact Plaintiff voluntarily filed his complaint unrepresented.  The issue is judge Brennan inadvertence error.  Judge Brennan have an obligation to vacate her order in order that Plaintiff is accorded the Equal Protection Of The Laws.

**(b)**    As to the material legal and factual doubt that do not permit grant of summary judgment as a matter of law:

> "That there can be such a bond between a child and someone other than the child's legal parent is clear. <u>Mere legality, whether by way of biology or adoption , is not an exclusive determinant of the existence of a parent-child relationship</u>:" "It has been recognized that <u>the psychological aspect of parenthood</u> is more important in terms of the development of the child and its mental and emotional health than the coincidence of biological or natural parenthood." (emphasis added) <u>V.C. v. M.J.B</u>., 163 N.J. 200, 233 (N.J. 2000) (b) <u>The legislative intent of 'parent' show de facto parent is applicable criteria for defining Decedent John Y Wei as parent under the Mutually Acknowledged Child Statute.</u> "N.J.S.A. 9:2-13(f) provides that "[t]he word "parent," when not otherwise described by the context, means a natural parent or parent by previous adoption." M.J.B. argues that because V.C. is not a natural or adoptive parent, we lack jurisdiction to consider her claims. <u>That is an incomplete interpretation of the Act.</u> Although the statutory definition of parent focuses on natural and adoptive parents , <u>it also includes the phrase, "when not otherwise described by the context."</u> <u>That language evinces a legislative intent to leave open the possibility that individuals other than natural or adoptive parents may qualify as "parents," depending on the circumstances.</u> [4]" (emphasis added) <u>V.C. v. M.J.B</u> , 163 N.J. 200, 216 (N.J. 2000)

**(Exhibit C Pa25 excerpt cross motion denied).**

It is clear <u>V.C.</u> is applicable to this case.  The legislative intent do not foreclose decedent John Y Wei to be de facto parent of beneficiary child Anthony Hui Yew.  There is nothing that suggest <u>N.J.S.A.</u> 9:2-13(f) limit application to adoption only.  It also includes the phrase, <u>"when not otherwise described by the context."</u>  That language evinces a legislative intent to leave open the possibility that individuals other than natural or adoptive parents may qualify as "parents," <u>depending on the circumstances.</u>  So, there is strong argument <u>N.J.S.A.</u> 9:2-13(f) is applicable to this case.  The benefit of the doubt should favor non movant Plaintiff given such a strong legal basis against summary judgment.  Judge Brennan violated <u>Rule</u> 56(a).  Thus, there cannot be a 'conclusion of law' to grant summary judgment.

**(c)**

> While the relationship existing between this appellant and her aunt was heartwarming, the basic issue posed by the statute under which an exemption is sought is whether there was a "mutually acknowledged" relationship of parent and child. <u>On that subject, a few short excerpts from appellant's testimony are quite revealing:</u>
>> "* * * **Well, I think Mother is the one that brought me up** <u>and took care of everything</u>, my Mother and my aunt.
>> * * * * * * * *
>> <u>Indeed, appellant has already had one exemption from inheritance taxes, based upon a parent-child relationship, in</u>

her mother's estate. It would seem quite obvious that <u>one mother per child exhausts the exemptions provided for by statute</u>, and it is difficult to conceive a legislative intention to surpass nature itself by endowing a child with more than one maternal parent.
        \* \* \* \* \* \* \* \*

"Recognizing the limitations imposed by nature, <u>the appellant pursues a different approach and urges the exemption be granted on the theory of the aunt's being a father to her, rather than a mother.</u>" (emphasis added).

<u>Hart v. Neeld</u>, 21 N.J. 479 (N.J. 1956)

**(Exhibit C Pa20; 24).**

This phraseology **"Well, I think Mother is the one that brought me up** <u>and took care of</u> **everything**, my Mother and my aunt" suggest in appellant <u>Hart</u> mind, she actually believe it was her mother who brought her up. **<u>Her state of mind</u> suggest she truly believe only her mother actually take care of her... everything**. Adding "my Mother <u>and my aunt</u>" is her strategy to make a case for Class A tax exemption by claiming her aunt as the one who raised her. <u>Hart</u> cannot have it both way. When she said **"Well, I think Mother is the one that brought me up** <u>and took care of</u> **everything", "** this automatically end her case for Class A tax exemption. <u>Hart</u> is clearly <u>not a relevant 'as a matter of law' citation</u> to dismiss Plaintiff

complaint. The <u>admission by Hart</u> create a material doubt for her to justify Class A tax exemption by claiming her aunt is the one who brought her up.   Not only is <u>Hart</u> irrelevant to this case, it is also totally incompatible with Plaintiff case <u>as now there is the de facto parent new legal entity to consider</u> before granting summary judgment to Defendant.  Plaintiff de facto parent argument for grandparent Decedent John Y Wei <u>is credible enough,</u> as basis to satisfy Class A designation, in compliance with <u>N.J.S.A.</u> 54:34-2.1, <u>is material legal doubt enough that there cannot be a conclusion of law for judge Brennan to grant summary judgment.</u>

Further, it is clear the court back then saw the appellant <u>Hart</u> try to game the system by claiming tax exemption twice which she had received earlier  "Indeed, appellant has already had one exemption from inheritance taxes, based upon a parent-child relationship, in her mother's estate.". "Recognizing the limitations imposed by nature,<u> the appellant pursues a different approach and urges the exemption be granted on the theory of the aunt's being a father to her, rather than a mother.</u>".   <u>Hart</u> is simply not a clear cut case for judge Brennan to rely on 'as a matter of law' to dismiss Plaintiff complaint under the

16

summary judgment rule. <u>The court observed the material facts exist</u> in this case which should throw doubt into the validity of <u>Hart</u> as basis to grant summary judgment. The benefit of the doubt should favor non movant Plaintiff. Material issues exist that should not permit judge Brennan and the Tax Division to rely on <u>Hart</u> to dismiss by summary judgment. Judge Brennan violation of <u>Rule</u> 56(a) require her order to be vacated.

<u>POINT II VIOLATIONS OF PROCEDURAL DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS REQUIRE DENIED MOTION TO RECUSE JUDGE BRENNAN TO BE VACATED.</u>

### I. MOTION FOR RECUSAL

A judge shall recuse himself "<u>in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a)</u>, as well as in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1). "[R]ecusal motions are committed to the sound discretion of the district court." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). "In deciding whether to recuse, a judge considers whether 'a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned.'" Abreu v. Brown, 2017 WL 922127, at *3 (W.D.N.Y. Mar. 7, 2017) (alterations omitted) (quoting Lovaglia, 954 F.2d at 815).

<u>Drinks-Bruder v. Niagara Falls Police Club,</u> No. 22-CV-268-LJV, at *11 (W.D.N.Y. Feb. 16, 2023)

Even though, a judge is presumed to be impartial and the moving party bears the burden to justify disqualification, judge Brennan failure to vacate her order due to advertence show she unfairly adjudicate Plaintiff complaint.  Judge Brennan cannot be trusted to be impartial. For her failure to adjudicate fairly, judge Brennan violated the Equal Protection Of The Laws clause of the Fourteenth Amendment.  Because judge Brennan have already granted summary judgment, <u>which was procedurally wrong</u>, it is all the more important for judge Brennan to recuse herself.  By her own admission of advertence,  **Exhibit D,** Plaintiff was already prejudiced with the summary judgment Order <u>left undisturbed</u>.  The summary judgment order is fatally defective due to fatal procedural error.

   <u>The matter of Plaintiff being unrepresented cannot be commingled with the motion to recuse.</u>  Consideration of the Motion To Recuse must be dealt with independently with the focus on judge Brennan fatally flawed summary judgment Order.   <u>Motion to recuse does not deal with the complaint itself.</u>  It is a request for a substitute judge to continue the case <u>with an impartial mind.</u>  <u>By refusing to be recused, judge</u>

<u>Brennan in fact obstruct Plaintiff right to Procedural Due Process Of</u>

<u>Law to have his complaint before a different judge.</u>

Plaintiff was not accorded genuine Procedural Due Process of Law, only an appearance thereof. Judge Brennan reasoning is designed to protect herself rather than making a fair ruling. Plaintiff have met the burden to justify judge Brennan disqualification. Plaintiff seek this Court intervention to remand with a substitute judge to take over this case.

## POINT III THE FEDERAL COURT CAN ONLY CONSIDER JUDGE BRENNAN VIOLATION OF PLAINTIFF RIGHT TO THE PROCEDURAL DUE PROCESS OF LAW AND NOT THE STATE STANDING MATTER.

Plaintiff fully expect Defendant and the Court will raise the issue of standing. It is argued here to preempt motion practice on this matter. Plaintiff have a fiduciary duty to beneficiary Anthony Hui Yew to have him classified as Class A to qualify for refund of the inheritance tax already paid. Plaintiff, also, in his individual personal capacity have direct interest in getting the prepaid inheritance tax refunded. Plaintiff is not merely an Executor. <u>Plaintiff, having paid out from his joint banking account with Decedent John Y Wei</u> means Executor

Plaintiff, also, as in individual person capacity, have a direct interest in this matter. <u>Executor Plaintiff Tony Ping Yew and individual Tony Ping Yew are inseparable entities.</u> <u>Their interests are the same.</u> It does not matter a special executor bank account was not opened. **Exhibit J**.

Court rules on standing:

> <u>Standing in State Court</u>
> A state's statutes will determine what constitutes standing in that particular state's courts. These typically revolve around the requirement that plaintiffs have sustained or will sustain direct injury or harm and that this harm is redressable.
> <u>Standing in Federal Court</u>
> At the federal level, legal actions cannot be brought simply on the ground that an individual or group is displeased with a government action or law. <u>Federal courts only have **constitutional** authority</u> to resolve actual disputes (see Case or Controversy).
> In <u>Lujan v. Defenders of Wildlife</u> (90-1424), 504 U.S. 555 (1992), the Supreme Court created a three-part test to determine whether a party has standing to sue:
> The plaintiff must have suffered an "injury in fact," meaning that the injury is of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent
> There must be a causal connection between the injury and the conduct brought before the court
> It must be likely, rather than speculative, that a favorable decision by the court will redress the injury

<u>https://www.law.cornell.edu/wex/standing</u>

The issue of standing as ruled in the State court cannot be considered by the Federal Court. The Federal Court can only deal with Constitutional matters such as the Fourteenth Amendment violation.

Plaintiff have suffered an "injury in fact". The injury is of a legally protected interest . It is concrete and particularized and actual harm have occurred to Plaintiff Executor with a dead end litigation in the State court whereby judge Brennan rulings make relief unattainable with onerous financial burden for attorney representation. In addition, no attorney want to take a small monetary case midway through a litigation. Judge Brennan rulings impede Plaintiff right to Property. Plaintiff interest is within the zone of interests that should be protected by the Fourteenth Amendment.

## CONCLUSION

Judge Brennan failure to take action to vacate her summary judgment order beyond admitting inadvertence is a violation of the Due Process Of Law. Judge Brennan execution of Procedural Law is incomplete and lack fairness. Plaintiff and beneficiary Anthony Hui Yew interest is harmed by judge Brennan unwarranted ruling requiring

Plaintiff to be represented.  The grant of summary judgment violated

the Federal Rule Of Civil Procedure 56a summary judgment rule.

Plaintiff respectfully request this Court grant all the reliefs requested.

Respectfully submitted,

/s/ Tony Ping Yew

Tony Ping Yew Executor Of Estate Of John Y Wei

April 10, 2023

## TABLE OF CONTENTS

COMPLAINT 1

INTRODUCTION 4

PROCEDURAL BACKGROUND OF THE CASE 7

LEGAL ARGUMENT 9

POINT I VIOLATIONS OF PROCEDURAL DUE PROCESS OF
LAW AND EQUAL PROTECTION OF THE LAWS AND
FEDERAL RULE OF CIVIL PROCEDURE 56A; 60(B) REQUIRE
JUDGE BRENNAN GRANT OF SUMMARY JUDGMENT TO BE
VACATED. 9

POINT II VIOLATIONS OF PROCEDURAL DUE PROCESS OF
LAW AND EQUAL PROTECTION OF THE LAWS REQUIRE
DENIED MOTION TO RECUSE JUDGE BRENNAN TO BE
VACATED. 17

POINT III THE FEDERAL COURT CAN ONLY CONSIDER
JUDGE BRENNAN VIOLATION OF PLAINTIFF RIGHT TO
THE PROCEDURAL DUE PROCESS OF LAW AND NOT THE
STATE STANDING MATTER. 19

CONCLUSION 21

# TABLE OF AUTHORITIES

Page No

**FEDERAL CASES**

Drinks-Bruder v. Niagara Falls Police Club,
No. 22-CV-268-LJV, at *11 (W.D.N.Y. Feb. 16, 2023)...........................17

Harvey v. Easton,
20-cv-954-NJR, at *5-6 (S.D. Ill. Feb. 21, 2023)..................................10

Lujan v. Defenders of Wildlife
(90-1424), 504 U.S. 555 (1992), .......................................................20

**STATE CASES**

Hart v. Neeld,
21 N.J. 479 (N.J. 1956)...................................................................15

Kasharian v. Wilentz,
93 N.J. Super 479, 482-83  (App. Div. 1967)........................................5

Santander Bank, N.A. v. Dzincielewski,
No. A-2178-17T3, 2019....................................................................8

V.C. v. M.J.B , 163 N.J. 200, 216 (N.J. 2000)........................................13

**FEDERAL RULE**

Fed. R. Civ. P. 56(a)..................................................................9,14,17

Fed. R. Civ. P. 60(b) ..................................................................10,11

**STATE RULES**

<u>Rule</u> 1:21-1 ...............................................................................7

## FEDERAL STATUTES

28 U.S.C. § 455(a)...........................................................17

## STATE STATUTES

<u>N.J.S.A.</u> 9:2-13(f)..........................................................14

<u>N.J.S.A.</u> 54:34-2...........................................................4,16

## UNITED STATES CONSTITUTION

<u>https://law.justia.com/constitution/us/amendment-1</u>...............................9

## EXHIBITS LIST

EXHIBIT A  05/17/2019 Complaint Filed (show first page only).

EXHIBIT B  06/19/2020 Order Summary Judgment And Transcript Grant Summary Judgment (Excerpt) And Cross Motion Denied Order.

EXHIBIT C  07/08/2020 Motion For Reconsideration.

EXHIBIT D  07/09/2020 Inadvertence letter.

EXHIBIT E  07/20/2020 Executor, Anthony Certificate Of Authority.

EXHIBIT F  09/09/2020 Judge Brennan Amplification.

EXHIBIT G  10/09/2020 Appellate Court Motion Denied.

EXHIBIT H  11/12/2020 Appellate Court Motion Denied.

EXHIBIT I  11/03/2021 Supreme Court Motion Denied.

EXHIBIT J  01/27/2022 Inheritance Tax Prepaid Joint Account Tony Ping Yew.

EXHIBIT K  02/07/2022 Letter Refuse To Consider Recusal Motion.

EXHIBIT L  03/04/2022 Appellate Denied Motion To Recuse Judge Brennan.

EXHIBIT M  09/13/2022 Motion For Leave To Appeal Denied Supreme Court.